663 F.2d 1071
 81-2 USTC P 13,420
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman G. Kahle and Ronald L. Kahle as Co-Executors of the
Estate of Frances A. Kahle, Deceased, Plaintiffs-Appellants
v.
United States of America, Defendant-Appellee.
 No. 80-3151.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1981.
 
 1
 Before JONES, Circuit Judge, PECK, Senior Circuit Judge, and HORTON, District Judge.*
 
 Order
 
 2
 Norman G. Kahle appeals from a judgment based on a jury's determination that a gift of stock made by his mother was made "in contemplation of death." As a result of this characterization, the stock was included in his mother's gross estate for tax purposes. We affirm.
 
 
 3
 Kahle's mother, Frances Kahle, operated a feed and seed business in Kalida, Ohio. Her son, Norman Kahle, worked with her and ran the business. In 1969, they incorporated and Frances Kahle took 90 percent of the stock; Norman took the remaining ten percent.
 
 
 4
 In 1972, Frances Kahle began to complain of back pains. In January 1973, Frances Kahle was admitted to the hospital and diagnosed as having bone cancer. In March 1973, Kahle went to New York for two weeks to be treated by cancer specialists. She returned to New York to see a cancer specialist in June, August and October, 1973. In November 1973, Kahle was hospitalized for another two weeks.
 
 
 5
 On November 28, 1973, Kahle transferred 75 shares of her stock in the Kahle Supply & Feed Store to Norman Kahle. She made the gift at the same time as she had a new will drawn up. The attorney who prepared her will also assisted her in making the stock gift. The will was executed the day after the gift was made.
 
 
 6
 Kahle died on January 4, 1975. The value of the stock she transferred was not included in her gross estate, but the IRS determined that it should have been because it was a gift made "in contemplation of death." 26 U.S.C. Sec. 2035. The IRS assessed a tax deficiency of $18,224.96. The taxpayers paid the deficiency and filed this action for a refund.
 
 
 7
 The sole issue on appeal is whether the transfer was made "in contemplation of death." The jury found that the gift was made "in contemplation of death."
 
 
 8
 There was ample evidence to support the jury's verdict. The stock was transferred 11 months after Frances Kahle was diagnosed as having cancer and after she had made repeated trips to visit a cancer specialist in New York. In addition, the fact that the stock gift was made at the same time as her new will was drawn up is significant. This evidence is sufficient to support the jury's inference that the gift of stock was made by Frances Kahle "in contemplation of death."
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge, Western District of Tennessee, sitting by designation